IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JERILYNN SAAFELD,

                Plaintiff,

    v.                                               CIVIL ACTION
                                                       NO. 14-1108

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

**MEMORANDUM**

**SCHMEHL, J. /s/ JLS**                                                          September 14, 2016

       The Commissioner of Social Security, acting through an Administrative Law Judge, denied Plaintiff Jerilynn Saafeld's claim for disability insurance benefits. Plaintiff filed this action seeking review, and United States Magistrate Judge Jacob P. Hart prepared a report and recommendation calling for the Court to deny Plaintiff's request for review. Plaintiff followed with objections to Judge Hart's report. Having carefully considered the record, the parties' arguments, the report and recommendation, and Plaintiff's objections, the Court will adopt Judge Hart's report in some but not all respects and order remand, as discussed below.

       First, the Court fully adopts the report and recommendation's description of the factual and procedural background, the basic legal standards, and the ALJ's decision (parts I, II, and III of the report), and those matters need not be restated here. Further, the magistrate's analyses of the physician evidence and the ALJ's credibility findings (parts IV-A and IV-C) are well reasoned, Plaintiff has not objected to them, and the Court adopts those portions as well.

There are four areas in which Plaintiff has objected to the ALJ's decision and the magistrate's approval thereof: the failure to impose a reaching, handling, and fingering limitation; the failure to impose a limitation related to irritable bowel syndrome; the failure to include the two aforementioned limitations in hypothetical questions to the vocational expert; and the failure to properly identify and assess transferable skills. The court will briefly address each of these issues.

I.  Failure to Impose a Reaching, Handling, and Fingering Limitation

Plaintiff maintains the ALJ should have included a limitation on reaching, handling, and fingering. Both the magistrate's report and Plaintiff's objections focus on the ALJ's acknowledgement of Plaintiff's claim of numbness in her hands, particularly when holding a phone. The issue is apparently associated with Plaintiff's cervical radiculopathy, which the ALJ did list as a severe impairment. Plaintiff argues the magistrate violated *Securities & Exchange Commission v. Chenery Corp.*, 332 U.S. 194, 196 (1947), by reviewing the record and adding his own reasoning rather than only reviewing the reasoning set forth by the ALJ. Some of what the magistrate noted did go beyond findings and explanation that are clearly contained in the ALJ's opinion, and those aspects should be disregarded.

The magistrate was correct, however, in noting that the ALJ pointed to both 1) the MRI evidence of only mild problems and 2) the inconsistency of Plaintiff's daily activities with a limitation in this area. The ALJ's description of the MRI evidence, which "showed only very mild cervical spondylosis, mild to moderate right foraminal narrowing at C5-C6, and very mild increased signal intensity within the C5-C6 and C6-C7 regions,"

is inherently relevant to the issue of cervical radiculopathy. The ALJ referred to Plaintiff's daily activities[1] in direct connection with his conclusion that the chiropractor's opinion, which included restrictions on reaching above shoulder level, was not supported by the record. Further, although the magistrate did not note it, the ALJ stated his finding on Plaintiff's credibility (that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment") just two sentences after describing Plaintiff's testimony about her finger numbness. With this credibility finding and the discussion of the MRI evidence and Plaintiff's daily activities, the ALJ adequately supported his failure to impose a reaching, handling, and fingering limitation.[2]

## II.     Failure to Impose a Limitation Related to IBS

The problem on this point, according to Plaintiff, is similar in that the ALJ identified irritable bowel syndrome as a severe impairment but did not impose a limitation and that the magistrate made his own assessment of the record and relied on grounds not set forth by the ALJ. It is clear that the ALJ did in fact state in a bold heading: "The claimant has the following severe impairments: . . . irritable bowel syndrome . . . ." R. at 20. The ALJ then mentions IBS only twice and very briefly. First, he notes Plaintiff's testimony "that she runs to the bathroom without notice 4-5 times per day and must always be near one." Later, in his description of consultative examiner Dr.

---

[1] "[S]he does the dishes 3-4 times per day, cleans the house, mows the lawn, drives, spends nearly 2 hours getting her kids ready for school in the morning, picks them up from the bus at the end of the day, and makes dinner for the family." R. at 22

[2] Plaintiff's argues she has a reaching limitation by definition because her numbness and tingling occurs "'when she holds her arms out for prolonged periods of time.'" R&R at 8 (quoting R. at 292). But Plaintiff's own definition of reaching, "extending the hands and arms in any direction," obviously does not include prolonged periods of time.

3

Blose's opinion, he recounts that "[b]owel sounds were present and normal" and that Plaintiff "reported no bowel or bladder problems." R. at 23. It is worth noting that the ALJ found Dr. Blose's opinion generally unsupported and expressly gave it little weight.

While the record may well support a conclusion that Plaintiff does not in fact have an IBS-related severe impairment or that it does not affect her in such a way as to entail a limitation, the ALJ cannot list IBS as a severe impairment and then almost completely fail to discuss it.[3] The ALJ must "give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000). The ALJ must explain his reasoning so that the Court can review the decision. *See Cotter v. Harris*, 642 F.2d 700, 704-07 (3d Cir. 1981) ("[T]here is a particularly acute need for some explanation by the ALJ when s/he has rejected relevant evidence or when there is conflicting probative evidence in the record" such that "a reviewing court can determine whether the reasons for rejection were improper."). Here, there is no explanatory language that could, for instance, relate the fact that Plaintiff at one point reported no bowel problems to a finding that no limitation is warranted. So the Court is unable to discern, let alone review, the reason why the ALJ found that Plaintiff's IBS was a severe impairment but imposed no limitation. Remand is necessary for further analysis and explanation by the ALJ, but reversal with an instruction to award benefits would be premature.

---

[3] The ALJ likewise listed cervical radiculopathy as a severe impairment, but for the reasons noted above, the Court finds the ALJ sufficiently discussed that issue to justify not imposing a limitation—though as with IBS, the discussion of cervical radiculopathy might more sensibly point to a finding that it was in fact not a severe impairment at all than to a finding that it was a severe impairment but did not mandate a limitation.

   III.   Failure to Include the Above Potential Limitations in Hypothetical

Plaintiff, believing that the ALJ should have imposed the above limitations related to reaching, handling, and fingering and IBS, of course also argues those limitations should have been included in hypothetical questions to the vocational expert. Such hypothetical questions must include all of the impairments that are adequately supported by the record. *See Chrupcala v. Heckler*, 829 F.3d 1269, 1276 (3d Cr. 1987) (citing *Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984). Because the Court finds the failure to impose a reaching, handling, and fingering limitation was proper, the hypotheticals clearly did not need to include that issue. If on remand the ALJ finds an IBS-related limitation, it must be included in vocational hypotheticals.

   IV.   Failure to Properly Identify and Assess Transferable Skills

Plaintiff argues that the ALJ and vocational expert erred by concluding she could perform jobs different from her past work without specifically noting the transferable skills involved. She further argues that there are no transferable skills between her past work and the alternative jobs the ALJ and vocational expert found she could perform. Plaintiff is correct on the first part but not necessarily the second.

"When a finding is made that a claimant has transferable skills, the acquired work skills must be identified, and specific occupations to which the acquired work skills are transferable must be cited in the State agency's determination or ALJ's decision." Social Security Ruling 82–41, 1975–1982 Soc. Sec. Rep. Serv. 847, 1982 WL 31389 (S.S.A.). "As one court has stated '[n]either an occupational title[] by itself nor a skeleton description [of a job] is sufficient' to document a claimant's acquisition of skills."

5

*Oldenburgh v. Astrue*, No. 1:08-CV-1671, 2009 WL 812010, at *6 (M.D. Pa. Mar. 26, 2009) (quoting *Dikeman v. Halter*, 245 F.3d 1182, 1185 (10th Cir. 2001)). SSR 82-41 explicitly notes that such findings are important "to clearly establish the basis for the determination or decision for the claimant and for a reviewing body including a Federal district court."

      Here, the ALJ's opinion merely states:

> "[t]he vocational expert was asked if any occupations exist . . . which require skills acquired in the claimant's past relevant work but no additional skills. The vocational expert responded and testified that representative occupations such an individual could perform include: telemarketer (sedentary, SVP 3 . . .), phone operator (sedentary, SVP 3 . . .), and museum attendant (light, SVP 3 . . .)."

R. at 25. Listing the name of an occupation and citing its SVP level and whether it is sedentary, light, or otherwise simply does not constitute identification of the transferable skills involved. Remand is required for the ALJ to identify the skills at issue.

      Plaintiff goes on to argue that the jobs cited do not in fact involve any skills transferable from her past work. Transferability of skills "depends largely on the similarity of occupationally significant work activities among different jobs." 20 C.F.R. § 404.1568(d)(1) and 416.98(d)(1). Whether work activities are similar is mainly analyzed on three dimensions: "(i) The same or a lesser degree of skill is required; (ii) The same or similar tools and machines are used; and (iii) The same or similar raw materials, products, processes, or services are involved." 20 C.F.R. § 404.1568(d)(2) and 416.98(d)(2). Although the ALJ failed to identify the particular skills associated with the alternative jobs suggested by the vocational expert, Plaintiff has done so and argues "there are no transferable skills since the same or similar raw materials, products, processes, or services . . . are not involved." Plaintiff's Objections at 13-14. However, the

6

relevant code sections and SSR 82-41 all explicitly state that "[a] complete similarity of all three factors is not necessary for transferability." 20 C.F.R. § 404.1568(d)(3) and 416.98(d)(3). However, these questions about whether the skills sufficiently overlap demonstrate exactly why the ALJ must identify and assess the skills at issue for the Court to conduct a proper review. So while reversal and an award of benefits is not warranted, remand for proper analysis is.

      For the reasons set forth above, and as stated in the accompanying order, the Court adopts parts I, II, III, IV-A, and IV-C of the magistrate's report and recommendation, but remands this matter to the Commissioner for reconsideration and additional findings related to a possible limitation based on IBS, inclusion of any such additional limitation in the hypothetical questions asked of the vocational expert, and identification and assessment of transferable skills.